UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YOLANDA R. PRATT, | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action No. 16-cv-07688 (JBS-AMD) |
| CAMDEN COUNTY CORRECTIONAL FACILITY, WARDEN DAVID S. OWENS, JR., and SHERIFF G.L. WILSON, | **OPINION** |
| Defendants. | |

APPEARANCES

Yolanda R. Pratt, Plaintiff Pro Se
11 Blue Ridge Road
Voorhees, NJ 08043

**SIMANDLE, Chief District Judge:**

1.    Plaintiff Yolanda R. Pratt seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 against the Camden County Correctional Facility ("CCCF"), Warden David S. Owens, Jr. ("Owens") and Sheriff G.L. Wilson ("Wilson") for allegedly unconstitutional conditions of confinement. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.    For the reasons set forth below, the Court will: (1) dismiss the Complaint with prejudice as to claims made against CCCF; and (2) dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

4.    First, the Complaint must be dismissed with prejudice as to claims made against CCCF because defendant is not a "state actor" within the meaning of § 1983. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538–39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983).

5.    Second, even construing the Complaint to allege claims against Owens and Wilson (Complaint § I(B)), such claims must be dismissed without prejudice because the Complaint does "[not] allege[] any personal involvement by [the warden and sheriff] in any constitutional violation – a fatal flaw, since 'liability in a § 1983 suit cannot be predicated solely on the operation of *respondeat superior*.'" *Baker v. Flagg*, 439 F. App'x 82, 84 (3d Cir. 2011) (citing *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). "[Plaintiff's] complaint contains no

allegations regarding [the] [w]arden. 'Because vicarious liability is inapplicable to § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.' Thus, [plaintiff] failed to state a claim against [the] [w]arden." *Bob v. Kuo*, 387 F. App'x 134, 136 (3d Cir. 2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 676 (2009)). Accordingly, Plaintiff's claims against Owens and Wilson must be dismissed without prejudice.

6.    Finally, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

7.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's Complaint as true for screening purposes only, there is not enough factual support for the Court to infer a constitutional violation has occurred.

8.    To survive *sua sponte* screening for failure to state a claim[1], the Complaint must allege "sufficient factual matter" to

---

[1] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-

show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

    9.   With respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "I was in with 4 other people. I ma[d]e the 5th. I was forced to sleep on the floor next to the toilet." Complaint § III(C), § V.

---

1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

10.   Plaintiff states that these events occurred: "9-2-15."
*Id*. § III(B).

11.   Plaintiff denies sustaining injuries from these
events. *Id*. § IV ("none").

12.   Plaintiff does not quantify any monetary compensation
sought. *Id*. § V ("They need to make some changes").

13.   Even construing the Complaint as seeking to bring a
civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged
prison overcrowding, any such purported claims must be dismissed
because the Complaint does not set forth sufficient factual
support for the Court to infer that a constitutional violation
has occurred.

14.   The mere fact that an individual is lodged temporarily
in a cell with more persons than its intended design does not
rise to the level of a constitutional violation. *See Rhodes v.
Chapman*, 452 U.S. 337, 348-50 (1981) (holding double-celling by
itself did not violate Eighth Amendment); *Carson v. Mulvihill*,
488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking
does not constitute punishment, because there is no 'one man,
one cell principle lurking in the Due Process Clause of the
Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542
(1979))). More is needed to demonstrate that such crowded
conditions, for a pretrial detainee, shocks the conscience and
thus violates due process rights. *See Hubbard v. Taylor*, 538

F.3d 229, 233 (3d Cir. 2008) (noting due process analysis
requires courts to consider whether the totality of the
conditions "cause[s] inmates to endure such genuine privations
and hardship over an extended period of time, that the adverse
conditions become excessive in relation to the purposes assigned
to them."). Some relevant factors are the length of the
confinement(s), whether plaintiff was a pretrial detainee or
convicted prisoner, any specific individuals who were involved
in creating or failing to remedy the conditions of confinement,
any other relevant facts regarding the conditions of
confinement, etc.

15.   Plaintiff may be able to amend the Complaint to
particularly identify adverse conditions that were caused by
specific state actors, that caused Plaintiff to endure genuine
privations and hardship over an extended period of time, and
that were excessive in relation to their purposes. To that end,
the Court shall grant Plaintiff leave to amend the Complaint
within 30 days of the date of this order.[2]

16.   Plaintiff is further advised that any amended
complaint must plead specific facts regarding the conditions of
confinement. In the event Plaintiff files an amended complaint,
Plaintiff must plead sufficient facts to support a reasonable

---

[2] The amended complaint shall be subject to screening prior to
service.

inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

17.  Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and cannot be utilized to cure defects in the amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id*. To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

18.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCCF; and (b) dismissed without prejudice for failure to state a claim.

19.  An appropriate order follows.


**March 3, 2017**                    **s/ Jerome B. Simandle**
Date                                  JEROME B. SIMANDLE
                                      Chief U.S. District Judge